IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AZEB RAY, )<br>    PLAINTIFF, )<br>                      )<br>v. )<br>                      )<br>U.S. BANK, NATIONAL ASSOCIATION, )<br>AS TRUSTEE UNDER THE POOLING )<br>AND SERVICING AGREEMENT DATED )<br>AS OF OCTOBER 1, 2006, GSAMP TRUST )<br>2006-HE7, MORTGAGE PASS-THROUGH )<br>CERTIFICATES, SERIES 2006-HE7 and )<br>OCWEN LOAN SERVICING LLC, )<br>    DEFENDANTS. ) | Civ. No. 3:12-CV-4922-O (BF) |

**<u>Report and Recommendation on Plaintiff's Motion for Temporary Restraining Order</u>**

The District Court referred this case to the United States Magistrate Judge for pretrial management. On December 3, 2012, Plaintiff filed an "Amended Petition, Motion for Temporary Restraining Order and Application for Temporary Injunction." Under Rule 65 of the Federal Rules of Civil Procedure, "[e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail ... the act or acts sought to be restrained. . . .." FED. R. CIV. P. 65(d). A plaintiff seeking injunctive relief must show:

    (1) a substantial likelihood of success on the merits,

    (2) a substantial threat that plaintiff will suffer irreparable harm if the injunction is

    not granted,

    (3) that the threatened injury outweighs any damage that the injunction might cause
    the defendant, and

    (4) that the injunction will not disserve the public interest.

*Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009); *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008).  Plaintiff bears the burden to prove all four requirements in order to be entitled to injunctive relief.   *Palmer*, 579 F.3d at 506.

Plaintiff's Motion for Temporary Restraining Order ("TRO") is before the Court for recommendation.  On Friday December 7, 2012, at 8:30 A.M. in Courtroom 1620, 1100 Commerce, Dallas, Texas, this Court held a hearing for Plaintiff to show cause why this Court should not recommend that the District Court deny Plaintiff's Motion for Temporary Restraining Order on the grounds that Plaintiff has not demonstrated that the standards for a Temporary Restraining Order have been met.  The Clerk of Court served a copy of the Order Setting Hearing on Plaintiff by fax and by mail.  Plaintiff failed to appear and show cause.

Plaintiff purports to bring a quiet title action.  Plaintiff contends he was wrongfully dispossessed of his property when Defendant foreclosed on the property on February 7, 2012.  However, Plaintiff also states he will continue to be damaged and injured by the "now threatened foreclosure." In addition to these confusing statements, Plaintiff makes the conclusory statement that "it is essential that the Court immediately and temporarily restrain Defendants from "continuing the conduct described this petition."  The Court is unable to ascertain what conduct Plaintiff is requesting the Court to restrain.  Further, since Plaintiff alleges that he was wrongfully dispossessed of his property on February 7, 2012, the Court cannot issue a temporary order restraining the dispossession.

The Court held a hearing to give Plaintiff the opportunity to  clarify his request for relief and show how he meets the requirements for a TRO, but Plaintiff failed to appear for the hearing.  Plaintiff has failed to show a substantial likelihood of success on the merits.  Similarly, he has failed

to demonstrate a substantial threat that he will suffer irreparable harm if the TRO is not granted. Moreover, he has not demonstrated that the threatened injury outweighs any damage that the TRO might cause the defendant, and that the TRO will not disserve the public interest. Accordingly, Plaintiff has not met the elements necessary to obtain a TRO. The Court recommends that (1) Plaintiff's Motion for TRO be denied, and (2) the Court carry forward Plaintiff's Motion for Preliminary Injunction.

SO RECOMMENDED, December 11, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of the Findings, Conclusions, and Recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify the part of the findings, conclusions, and recommendation to which an objection is being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections within 14 days after being served with a copy of the Findings, Conclusions, and Recommendation shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).