IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

AZEB RAY,                          §
                                   §
        Plaintiff,                 §
                                   §
v.                                 §          No. 3:12-cv-4922-O (BF)
                                   §
U.S. BANK, NATIONAL                §
ASSOCIATION, ET AL.,               §
                                   §
        Defendants.                §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this *pro se* civil action to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court recommends that Plaintiff's claims be dismissed without prejudice for failure to obtain proper service on Defendants.

### Background

On December 3, 2012, Plaintiff Azeb Ray, proceeding *pro se*, filed a form complaint and an Amended Petition, Motion for Temporary Restraining Order and Application for Temporary Injunction against Defendants Ocwen Loan Servicing and U.S. Bank, National Association, as Trustee under the Pooling and Servicing Agreement dated as of October 1, 2006, GSAMP TRUST 2006-HE7, Mortgage Pass-Through Certificates, Series 2006-HE7. Because Plaintiff paid the filing fee, the Court advised him that "under the Federal Rules of Civil Procedure, Plaintiff has 120 days from the date the suit was filed, or until April 3, 2013, to effect proper service on each defendant and file returns of service with the Court." Notice, 12/18/12 (Doc. 11) (citing Fed. R. Civ. P. 4(m)). The

Court further warned Plaintiff that "[a]ny defendant not properly and timely served will be subject to dismissal without further notice." *Id.* To date, Plaintiff has not demonstrated that he made proper service on any Defendant.

### Legal Standards and Analysis

Under Rule 4(c) of the Federal Rules of Civil Procedure, Plaintiff is responsible for serving Defendants with a summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1). Proper service must be made within 120 days from the filing of a complaint. FED. R. CIV. P. 4(m). Additionally, proof of service must be filed with the Court unless service is waived. FED. R. CIV. P. 4(l). When proper service is not timely made, the action is subject to *sua sponte* dismissal without prejudice. FED. R. CIV. P. 4(m). The Court must extend the time for service for an appropriate period if Plaintiff shows good cause for the failure to properly effect service. *Id.*

Here, more than 120 days has passed since Plaintiff filed this case on December 3, 2012. No return of service shows that Plaintiff duly served either Defendant, and Defendants have not appeared or otherwise answered the lawsuit. On December 18, 2012, the Court notified Plaintiff that he had 120 days from the date of filing to obtain service on Defendants and file proof of service with the Court. Notice, 12/18/12. The Court further warned Plaintiff that failure to meet these requirements could result in a recommendation that his claims be dismissed without prejudice. *Id.* Plaintiff has not requested an extension of time to effect service, nor has he attempted to show good cause for the failure to properly serve Defendants within the required time period. Accordingly, Plaintiff's claims against Defendants should be dismissed without prejudice. *Rochelle v. Aurora Loan Servs., LLC*, No. 3:12-CV-2262-K-BF, 2012 WL 6592611 (N.D. Tex. Nov. 30, 2012), *rec. adopted*, 2012 WL 6592590 (N.D. Tex. Dec. 17, 2012).

## RECOMMENDATION

The Court recommends that the District Court *sua sponte* dismiss without prejudice all of

Plaintiff's claims against Defendants for failure to effect proper and timely service.

SO RECOMMENDED, April 18, 2013.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).